UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
JOYSUDS, LLC,          :
          :
        Plaintiff,          :
          :    22 Civ. 3781 (JPC)
    -v-          :
          :    <u>ORDER</u>
          :
N.V. LABS, INC., *doing business as* REFORMA  :
GROUP,          :
          :
        Defendant.          :
          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendant JoySuds, LLC has moved to remand this case back to state court. *See* Dkt. 17 ("Motion"). At the June 13, 2022 conference, the Court explained why it was inclined to deny the Motion. The Court now adopts those reasons and denies the Motion.

In short, JoySuds has conceded that removal was timely. Even taking everything that JoySuds says as true, JoySuds at best argues that Plaintiff N.V. Labs, Inc. ("Reforma") made a good faith mistake in its notice of removal by claiming removal was timely because it was never served, rather than listing April 11, 2022 as the service date. *See* Dkt. 23 ("Supp. Ltr.") at 1.[1] Yet even if that were true, Reforma's mistake would only violate Southern District of New York Local Rule 81.1, which requires a removing party to, among other things, provide in its notice of removal the date on which the party was served. But "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller Co.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct.

---

[1] JoySuds claims that "Reforma intentionally misled the court regarding their basis for removal." Supp. Ltr. at 3. This is a serious allegation and one that is entirely unfounded. Indeed, JoySuds even concedes that removal was timely.

2343, 2351 (2009).  Here, the Court finds Reforma's alleged mistake immaterial because it is undisputed that removal was timely.  *See, e.g.*, *Gurney's Inn Resort & Spa Ltd. v. Benjamin*, 743 F. Supp. 2d 117, 127 n.9 (E.D.N.Y. 2010) (denying motion to remand when the defendant did not include in its notice of removal the service date because even though "the [local] rule requires the removing party to provide this information to prove that notice of removal was timely filed, . . . there is no dispute as to that fact in this case").

      The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 17.

      SO ORDERED.

Dated: June 27, 2022
      New York, New York

                                            JOHN P. CRONAN
                                     United States District Judge