UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOYSUDS, LLC,

                         Plaintiff,                        22-CV-3781 (DEH) (OTW)

        -against-                       **OPINION & ORDER**

N.V. LABS, INC., *d/b/a* REFORMA GROUP,

                        Defendant.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

### I. INTRODUCTION

In my April 4, 2024 Order, I directed Plaintiff to file its motion to compel two remaining categories of documents: (1) financial information, and (2) staffing documents, noting that document discovery appears otherwise complete. (ECF 176). Plaintiff filed its motion on April 12, 2024 (ECF Nos. 178 and 179), along with a joint motion to seal (ECF 177). The motion was fully briefed on April 24, 2024. (*See* ECF Nos. 180–183). For the following reasons, Plaintiff's motion to compel is **DENIED in its entirety**. The parties' joint motion to redact and seal portions of the motion to compel and accompanying exhibits is **GRANTED**.

### II. DISCUSSION

#### 1. Financial Documents

Plaintiff moves to compel the following financial documents in order "to establish a complete picture of [Defendant's] overall financial standing": "financial statements, income statements, balance sheets and cash flow statements of [Defendant] and its subsidiaries and affiliates from January 1, 2020 through present." (ECF 178-1 at 4). Plaintiff's motion is

overbroad and not proportional to the needs of the case. Plaintiff has already received relevant financial documents from Defendant, including "inventory lists, receipts for equipment, invoices for raw materials, [Defendant's] bids on projects, a [] loan statement [], and an organization chart," as well as third-party discovery from suppliers. (ECF 178-1 at 6, 9). Plaintiff's request for comprehensive financial documents for not only Defendant but "its subsidiaries and affiliates" for a four-year period exceeds the needs of this breach of contract case. Plaintiff's argument that it needs this information to show whether Defendant had the "capacity" and "ability" to manufacture Plaintiff's products, and whether Defendant was "unlawfully increasing its profit" at Plaintiff's expense (*id.* at 15), are unavailing given it appears that Plaintiff has already obtained sufficient information from subpoenaed third parties, in the form of invoices, to make its own calculations of Defendant's margins. Remaining questions regarding Defendant's "overall financial standing" are better explored through depositions, if at all. Accordingly, Plaintiff's motion to compel Defendant to produce further financial documents is **DENIED**.

2. **Staffing Documents**

Plaintiff also moves to compel the production of "[r]ecords reflecting all staff, their positions, shifts, and hours worked from January 2020 through the present." (ECF 178-1 at 4). This document request is also overbroad and not proportional to the needs of the case. Plaintiff asserts that Defendant has "refused to produce 1099s and/or W2s of employees or other staff" and that these documents are "directly relevant" to Defendants representations "concerning its ability and capacity to manufacture Products in the forecasted quantities and its breach of the Supply Agreement." *Id*. at 18–19. Even were it not grossly overbroad to seek 1099s and W2s for

employees "or other staff" along with all of their shifts and hours worked for more than four years, it is unclear how access to these materials would allow Plaintiff to assess Defendant's "ability and capacity to manufacture Products in the forecasted quantities." To the extent Plaintiff has questions regarding staffing and capacity, these issues can be explored through depositions. Indeed, other than Plaintiff's conclusory statement that W2s and 1099s of Defendant's employees are directly relevant, Plaintiff has not proffered, let alone shown, relevance of these documents. Accordingly, Plaintiff's motion to compel Defendant to produce staffing documents is **DENIED**.

### 3. Motions for Attorneys' Fees

The parties each seek attorneys' fees and cost shifting under Fed. R. Civ. P. 37. (*See* ECF 178-1 at 20 – 21; ECF 180 at 20). The parties have engaged in a prolonged discovery process requiring frequent Court intervention.[1] Neither is entitled to fees and costs. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, the parties' fees motions are **DENIED**.

### 4. Sealing Motion

The parties also seek, jointly, to file a redacted version of the motion to compel (ECF 179), opposition (ECF 181), and accompanying exhibits. (ECF 177). Plaintiff contends that sealing is appropriate because the motion and exhibits "contain confidential, proprietary, highly sensitive information regarding the parties' and third parties' business strategies and dealings[,] designated "confidential" under the protective order (ECF 62). The motion is **GRANTED**.

---

[1] *See, e.g.*, ECF 159 at 2, Transcript of October 10, 2023 conference: "THE COURT: All right. We're here for a status conference. I had called today a "post-discovery status conference." Although, I recognize that with all of the latest developments, today is not going to be the last day of fact discovery."

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel is **DENIED in its entirety**. The parties' joint motion to redact and seal portions of the motion to compel and accompanying exhibits is **GRANTED**. Document discovery is closed. The parties are directed to schedule remaining depositions.

The Clerk of Court is respectfully directed to close ECF Nos. 177, 178, and 179.

**SO ORDERED.**

Dated: May 1, 2024
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge