UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYSUDS, LLC,

                    Plaintiff,

v.

N.V. LABS, INC. d/b/a REFORMA GROUP,

                    Defendant.

22 Civ. 3781 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

This case, familiarity with which is presumed, involves claims for breach of a supply agreement and for negligence, gross negligence, and negligent misrepresentation. *See* Second Am. Compl. ("SAC"), ECF No. 113. Defendant N.V. Labs, Inc. d/b/a Reforma Group ("Reforma" or "Defendant") moves for judgment on the pleadings, arguing that JoySuds LLC ("JoySuds" or "Plaintiff") has failed to state a claim for negligence, gross negligence, or negligent misrepresentation. *See* Mot. for J. on the Pleadings ("Def.'s Motion"), ECF No. 168. For the following reasons, Reforma's motion is **DENIED.**

## BACKGROUND

JoySuds acquired the branding rights to "Joy" dish detergent products in 2019. SAC ¶ 18. Reforma "holds itself out as an experienced and professional contract manufacturer." *Id.* ¶ 1. On April 6, 2021, JoySuds and Reforma entered into the Supply Agreement, under which Reforma would manufacture certain Joy products and sell them to JoySuds. *Id.* ¶¶ 1, 21, 23. The Supply Agreement is sixteen pages long, including signature pages and exhibits, and contains many provisions not immediately relevant to Reforma's motion. *See generally* Supply Agreement, ECF No. 40-2. On April 4, 2022, Reforma sent a "Notice of Termination" of the Supply Agreement to JoySuds. *See* ECF No. 168.

JoySuds initiated this action in the Supreme Court of the State of New York, New York County, on April 7, 2022. ECF No. 1. Reforma removed the litigation to federal court in this District on May 10, 2022. *Id.* On March 31, 2023, the Court entered an Order declining to dismiss JoySuds' breach of contract claim, but granting Reforma's motion to dismiss the claims for tortious interference and "Negligence/Gross Negligence" as duplicative of the breach of contract claim. *See* Order, ECF No. 92.[1] The Order also granted JoySuds leave to amend its pleading. *Id.* at 32.

On May 2, 2023, JoySuds filed the Second Amended Complaint (the "SAC"). The SAC reasserts claims for negligence, gross negligence, and negligent misrepresentation claims.[2] Plaintiff argues Reforma had negligently mislabeled the products in question, which "resulted in JoySuds scrambling to determine how many cases of Products were affected, retrieving those Products from retailers, re-labeling the Products, and otherwise handling damage control." Order ¶ 90. This mislabeling meant that "inventory had to be recalled from distributors['] and a wholesalers['] shelves" and "consumer complaints had to be responded to." *Id.* ¶ 91. The SAC includes fourteen paragraphs detailing losses resulting from the lack of capacity on Reforma's part. *See id.* ¶¶ 102-115.

On October 19, 2023, this case was reassigned to the undersigned. *See* ECF No. 157. On December 1, 2023, Reforma filed another motion for a judgment on the pleadings. *See* Def.'s Motion, ECF No. 167.

---

[1] *JoySuds, LLC v. N.V. Labs, Inc.*, No. 22 Civ. 3781 (JPC), 2023 WL 2746772, at *1 (S.D.N.Y. Mar. 31, 2023).

[2] Although the SAC is not as clear as it could be in alleging a negligent misrepresentation claim, the Order on the first motion to dismiss construed the First Amended Complaint as alleging a negligent misrepresentation claim. Order 27, ECF No. 92. Given the minimal alterations between the First Amended Complaint ("FAC") and the SAC, the Court construes Plaintiff as again bringing a negligent misrepresentation claim.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[3] In assessing the complaint, "[a court] must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106-07. The court must, however, disregard any "conclusory allegations, such as formulaic recitations of the elements of a cause of action." *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).

## DISCUSSION

The Court previously dismissed JoySuds' negligence claims as duplicative of its contract claims, because JoySuds had not "adequately alleged its negligence claims stem from any duty independent of the contract *or* give rise to special damages." Order at 29 (emphasis added). On this motion, Reforma argues JoySuds' negligence claims remain duplicative of its breach of contract claim, because the SAC fails to properly allege a duty of care that is independent of the contract between the parties. *See generally* Motion, ECF No. 167. For the reasons discussed below, the Court determines that the negligence claims are *not* duplicative, and Reforma's motion to dismiss is denied.

The New York Court of Appeals has noted that where, as here, "the parties' relationship

---

[3] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

initially is formed by contract, but there is a claim that the contract was performed negligently," the claim "falls in the borderland between tort and contract, an area which has long perplexed courts." *Sommer v. Federal Signal Corp.*, 593 N.E.2d 1365 (1992). Tort claims that are merely duplicative of a contract claim are generally subject to dismissal. For example, "a fraud claim that arises from the same facts as an accompanying contract claim, seeks identical damages and does not allege a breach of any duty collateral to or independent of the parties' agreements is subject to dismissal as redundant of the contract claim." *Cronos Grp. Ltd. v. XComIP, LLC*, 64 N.Y.S.3d 186 (N.Y. App. Div. 2017). "It is well settled under New York law that a contract action cannot be converted to one for fraud merely by alleging that the contracting party did not intend to meet its contractual obligations." *Int'l CableTel Inc. v. Le Groupe Videotron Ltee*, 978 F. Supp. 483, 487 (S.D.N.Y. 1997) (Sotomayor, J.).

In *Bridgestone/Firestone*, the Second Circuit surveyed New York state case law and determined that, to be "sufficiently distinct" from a contract claim so as to withstand dismissal, a fraud claim must fall into one of three exceptions, including, as relevant here, where the plaintiff seeks special damages on that claim. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19-20 (2d Cir. 1996). Although *Bridgestone/Firestone* was a fraud case, courts in this District have applied the *Bridgestone/Firestone* factors in negligent misrepresentation cases like this one.[4] Thus the Court's previous Order, ECF No. 92, relied on

---

[4] *See e.g.*, *Serifos Mar. Corp. v. Glencore Singapore Pte Ltd.*, No. 22 Civ. 8012, 2023 WL 6317996, at *5 (S.D.N.Y. Sept. 28, 2023) (applying the three *Bridgestone/Firestone* factors but dismissing the intentional misrepresentation and gross negligence claims because they only "vaguely demand damages in an amount to be determined"). For instance, in *Kitchen Winners NY Inc. v. Rock Fintek LLC*, the court applied the *Bridgestone/Firestone* factors in its analysis of a negligent misrepresentation claim and dismissed the claim because the plaintiff failed to state an extracontractual duty *or* to request special damages. 668 F. Supp. 3d 263, 290-91 (S.D.N.Y. 2023). The court explained that "a plaintiff may distinguish its negligence claim from its contract claim by seek[ing] special damages that are caused by the misrepresentation and

4

*Bridgestone/Firestone* to explain that Plaintiff's negligent misrepresentation claim "may co-exist with contractual claims where (1) the tort arises from a duty separate from the contract; (2) the tort is collateral and extraneous to the contract provision breached; *or* (3) plaintiff suffered special damages not recoverable on a breach of contract claim." Order 26 (emphasis added) (quoting *B&M Linen, Corp. v. Kannegiesser, USA, Corp.*, 679 F. Supp. 2d 474, 487 (S.D.N.Y. 2010)).

"Special" or "consequential" damages seek to compensate a plaintiff for losses other than the value of the promised performance that are incurred due to the defendant's breach. *Schonfeld v. Hilliard*, 218 F.3d 164, 175 (2d Cir. 2000). Under New York law, the award of special damages is limited to recovery of "those injuries which the parties could reasonably have anticipated at the time the contract was entered into." *Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 637 (E.D.N.Y. 2000) (quoting *Spang Indus., Inc., Ft. Pitt Bridge Div. v. Aetna Cas. & Sur. Co.*, 512 F.2d 365, 368 (2d Cir. 1975)).

In the SAC, Plaintiff has alleged special damages in connection with its negligent misrepresentation claim, invoking the third of the *Bridgestone/Firestone* exceptions. In its previous Order dismissing JoySuds' negligence claims, the Court noted that "New York law requires that [special damages] be pled with particularity," and held that, in the FAC, "JoySuds ha[d] not quite met that standard" with respect to damages from alleged lost sales, because JoySuds failed to identify "the individuals who ceased to be customers, or who refused to purchase, and itemize the exact damages." Order 28-29 (citing *Bilinski v. Keith Haring Found., Inc.*, 632 F. App'x 637, 641 (2d Cir. 2015)). In the SAC, Plaintiff has now added "fourteen paragraphs spanning eleven pages detailing alleged losses," Def.'s Motion 5, and "several pages"

---

unrecoverable as contract damages." *Id.* at 295 (citing *Bridgestone/Firestone, Inc.*, 98 F.3d at 20).

5

of "damages allegations." *Id.* at 9. JoySuds specifies that it lost $3,511,401.97 in revenue, $1,701,097.39 in lost margins, and $18,712,071.28 of equity destruction. SAC ¶¶ 10, 114. Furthermore, JoySuds identifies the name of each customer lost. *Id.* ¶¶ 102-115. In light of these new details, Plaintiff has alleged special damages based on lost sales with sufficient particularity, having named both "the individuals who ceased to be customers, or who refused to purchase, and itemize[d] the exact damages." *Bilinski,* 632 F. App'x at 641. And because Plaintiff has adequately alleged special damages, its negligence claims are not duplicative of its contract claims. *See Negrete v. Citibank, N.A.*, 759 F. App'x 42, 48 (2d Cir. 2019) (using the disjunctive in articulating the three *Bridgestone/Firestone* factors); *see also Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 183-84 (2d Cir. 2007) (same); *Taylor Precision Prod., Inc. v. Larimer Grp., Inc.*, 15 Civ. 4428, 2018 WL 4278286, at *20 (S.D.N.Y. Mar. 26, 2018) ("Plaintiff need only satisfy one of the three *Bridgestone/Firestone* factors.").

Defendant argues that adequately pleading special damages is, by itself, insufficient for a tort claim to be non-duplicative of a contract claim. Defendant further argues that, here, JoySuds' negligence claims remain duplicative of its contract claim, because JoySuds has not alleged a duty independent of the contract that could form the basis for a negligence claim. *See* Def.'s Reply 6, ECF No. 171.[5] While that argument has some intuitive appeal, the Court declines to credit it. First, the Second Circuit clearly listed each of three exceptions in

---

[5] JoySuds contends that Reforma owed a duty to JoySuds based on their "special relationship," which was in turn "based on [Reforma's] specialized knowledge and expertise in the household goods industry." SAC ¶ 144. JoySuds further alleges that Reforma breached that duty by, among other things, "mislabeling the [p]roducts" and "knowingly misrepresenting its capacity." *Id.* ¶ 147. But Plaintiff made these same arguments in opposition to the first motion to dismiss, and the Order on that motion held that Plaintiff's negligence claims "definitionally cannot be based on an independent duty not to willfully harm" and noted that industry "custom and practice do not give rise to an independent legal duty." Order 27-28; Order 27-28 n.5-6. As Defendant notes, the "SAC adds no new allegations pertaining to any duty owed by Reforma," Def.'s Motion 7.

6

*Bridgestone/Firestone* in the disjunctive: to be non-duplicative of a contract claim, "a plaintiff must *either*: (i) demonstrate a legal duty separate from the duty to perform under the contract … *or* (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract, … *or* (iii) seek special damages." *Bridgestone/Firestone*, 98 F.3d at 20 (emphasis added). The clear guidance from the Second Circuit is that a non-contract claim need fall into only one of these three exceptions to be non-duplicative of the contact claim. Second, while *Bridgestone/Firestone* was a fraud case, courts in this District have applied its disjunctive language verbatim in the negligent misrepresentation context, including in this case on the first motion to dismiss, which held that Plaintiff's negligence claim can survive as long as it satisfies any one of the three *Bridgestone/Firestone* exceptions. That previous "decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Reches v. Morgan Stanley & Co. LLC*, 736 Fed. Appx. 306, 307 (2d Cir. 2018); *accord Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (same). Absent guidance from the Second Circuit that the *Bridgestone/Firestone* exceptions should be read or applied differently in the negligence context, the Court declines to adopt a different path now, at this stage of the proceedings. Accordingly, the Court applies *Bridgestone/Firestone* here and determines that Plaintiff has adequately met the third of the *Bridgestone/Firestone* exceptions by pleading special damages.

For the reasons discussed herein, Defendant Reforma's motion for judgment on the pleadings is construed as a motion to dismiss and is **DENIED.**

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss.

The Clerk of Court is respectfully directed to terminate ECF No. 167.

SO ORDERED.

Dated: September 13, 2024
       New York, New York

　　　　　　　　　　　　　　　　　　　　　DALE E. HO
　　　　　　　　　　　　　　　　　　　　　United States District Judge