**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
JOYSUDS, LLC,                                               :
                                                            :
                                    Plaintiff,              :     22-cv-3781 (DEH) (OTW)
                                                            :
                -against-                                   :     **OPINION & ORDER**
                                                            :
N.V. LABS, INC., *d/b/a* REFORMA GROUP,                     :
                                                            :
                                    Defendant.              :
                                                            :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I.  **INTRODUCTION**

Plaintiff JoySuds, LLC ("Plaintiff"), commenced this action on April 7, 2022, alleging, *inter alia*, that Defendant N.V. Labs, Inc., d/b/a Reforma Group ("Defendant") breached the supply contract between the parties, under which Defendant had agreed to produce Joy dish detergent for Plaintiff. (ECF Nos. 1-1, 113). Defendant asserts counterclaims alleging that Plaintiff breached the same agreement. (ECF 158).

On September 10, 2024, Defendant issued and served a deposition subpoena (the "Subpoena") on non-party John Gimpel, ("Mr. Gimpel") the Chief Executive Officer of non-party Aero Fulfillment Services, Corp. ("Aero"), a logistics provider for Plaintiff. (ECF Nos. 197, 197-1, 204 at n.1). At Mr. Gimpel's deposition on December 13, 2024, Plaintiff's counsel objected to certain questions on the grounds that they might elicit testimony that might violate confidentiality and non-disparagement provisions of a Settlement Agreement (the "Settlement

Agreement") between Plaintiff and Aero in a separate action (the "Aero Litigation").[1] (*See* ECF Nos. 204, 204-1, 206).

On January 10, 2025, Defendant filed the instant motion, seeking an order: (1) compelling Mr. Gimpel to testify over Plaintiff's objection; and (2) awarding Defendant fees and costs that Defendant incurred due to Plaintiff's counsel's objections at Mr. Gimpel's deposition. (ECF 204). For the following reasons, Defendant's motion to compel at ECF 204 is **GRANTED**. Defendant's motion for fees and costs is **DENIED** without prejudice to renewal following Mr. Gimpel's continued deposition.

II. **RELEVANT BACKGROUND**

The Court assumes familiarity with this case and summarizes the relevant facts and procedural history here.

A. <u>**Factual Background**</u>

On October 24, 2023, Plaintiff entered a Settlement Agreement with Aero resolving the Aero Litigation, which Mr. Gimpel signed on Aero's behalf. (ECF Nos. 204 at 1, 206 at 1, 208 at 1).[2] Defendant argues that Mr. Gimpel's testimony here regarding "Aero's relationship with JoySuds, his interactions with JoySuds personnel, and the facts giving rise to the lawsuit between Aero and JoySuds" are relevant to their claims and defenses in this case. (ECF 204 at n.1). Specifically, Defendant asserts that Mr. Gimpel's testimony will bear on: (1) Defendant's claims for breach of contract and fraud, because Mr. Gimpel can speak to a pattern in Plaintiff's

---

[1] That litigation proceeded as *Aero Fulfillment Services Corporation v. JoySuds, LLC*, 23-CV-573 (JMF), (S.D.N.Y. 2023). (ECF 204 at 1).

[2] A copy of the Settlement Agreement has been filed under seal, viewable only to counsel of record and the Court, at ECF 205-1.

2

failures to pay their vendors, including both Aero and Defendant; and (2) Defendant's defense against Plaintiff's allegations that Defendant had capacity issues in support of its claim for breach of contract. (ECF 204 at n.1).

On September 11, 2024, Defendant notified Plaintiff of the Subpoena and circulated a copy to Plaintiff's counsel by email. (ECF 197 at 1). (*See also* ECF 204). The deposition was scheduled for December 13, 2024, at 1:00 p.m. (ECF Nos. 204, 204-1). Mr. Gimpel, his lawyer, and counsel to the parties appeared for the deposition, by Zoom, as scheduled. (ECF Nos. 197 at 2, 197-3, 204-1). At the deposition, Plaintiff's counsel stated that she would broadly object to any questions to Mr. Gimpel that would elicit testimony related to the facts giving rise to the litigation between Plaintiff and Aero on the grounds that the Settlement Agreement's confidentiality and non-disparagement provisions prohibit Mr. Gimpel from testifying pursuant to the Subpoena, to the extent that his testimony would disclose Plaintiff's confidential information or otherwise disparage Plaintiff. (ECF Nos. 204, 204-1, 206). During the deposition, which lasted approximately 40 minutes (ECF 204-1 at 2, 3, 9, Tr. 4:1–9, 27:13–22), Plaintiff's counsel repeatedly objected to questions put to Mr. Gimpel regarding Plaintiff's relationship with Aero. Specifically, Plaintiff's counsel represented that it was Plaintiff's position that "anything related to [the Aero Litigation] or the underlying facts is confidential, and the agreement doesn't provide for testimony in response to a subpoena." (ECF 204-1 at 4, Tr. at 8:1–7). Plaintiff's counsel later clarified that her objection was only "to the extent [Mr. Gimpel's testimony] will violate the settlement agreement." (ECF 204-1 at 5, Tr. at 12: 22–25). (*See also* ECF 204-1 at 8, Tr. at 22:6–15). Defendant offered to designate the deposition confidential and subject to the operative protective order in this action (ECF 62), but Plaintiff's

3

counsel declined. (ECF Nos. 204, 204-1 at 4, Tr. at 8:8–14). Defendant's counsel initially recommenced questioning Mr. Gimpel, (ECF 204-1 at 4–5, Tr. at 9:17–11:8), but ultimately adjourned the deposition pending resolution of the dispute. (ECF 204-1 at 9, Tr. at 26:17–23).

Over the course of the forty-minute deposition, Plaintiff's counsel raised her objection nine times, in response to the following questions:

- What reason Randy Flannery gave Mr. Gimpel for leaving Plaintiff's employ (ECF 204-1 at 5, Tr. at 12:20–25);

- What Mr. Gimpel's view was of Mike Cassetta and how he operated Plaintiff (ECF 204-1 at 6, Tr. at 14:19–23);

- What Mr. Gimpel's view was of Kevin King and how he operated Plaintiff (ECF 204-1 at 6, Tr. at 14:24–15:4);

- Why Mr. Gimpel believed Plaintiff felt urgency to switch manufacturer from U.S. Nonwovens (ECF 204-1 at 6, Tr. at 15:13–18);

- Whether Mr. Gimpel knew of other lawsuits between Plaintiff and its manufacturers (ECF 204-1 at 7, Tr. at 18:17–23);

- Whether Mr. Gimpel knew that Plaintiff had sued U.S. Nonwovens in 2021 (ECF 204-1 at 7, Tr. at 19:12–19);

- What the nature of Mr. Gimpel's initial interactions was with Cameron Bean (ECF 204-1 at 8, Tr. at 25:11–16);

- Whether Mr. Bean had experience in the manufacturing industry (ECF 204-1 at 8, Tr. at 25:17–22); and

- What Mr. Gimpel understood Mr. Cassetta's role at Plaintiff to be (ECF 204-1 at 9, Tr. at 26:5–6).

At the deposition, Mr. Gimpel's counsel represented that Mr. Gimpel and Aero agree that the Settlement Agreement does not bar Mr. Gimpel from testifying pursuant to the Subpoena, and agreed with Defendant's counsel that designating Mr. Gimpel's testimony as

4

confidential under the protective order would adequately protect information that should not be publicly disclosed. (ECF 204-1 at 4, Tr. at 7:12–1, 9: 9–15). (*See also* ECF 208).

### B. Procedural History

On December 16, 2024, Defendant requested a pre-motion conference to discuss anticipated motions (1) to compel Mr. Gimpel to answer certain questions at a deposition and (2) seeking sanctions against Plaintiff, in the form of an award for fees and costs incurred due to Plaintiff's obstruction at Mr. Gimpel's deposition. (ECF 197). On December 19, 2024, Plaintiff responded, opposing Defendant's requests. (ECF 199). On December 20, 2024, the Court set a consolidated briefing schedule for Defendant's anticipated motions. (ECF 201). Defendant filed its letter brief on January 10, 2025. (ECF 204). Plaintiff responded on January 17, 2025. (ECF Nos. 205, 206). On January 17, 2025, Mr. Gimpel also submitted a letter, agreeing with Defendant, and representing again that it is both his and Aero's position that the Settlement Agreement does not limit his ability or obligation to testify. (ECF 208).

### III. DISCUSSION

Motions to compel compliance with discovery requests are "entrusted to the sound discretion of the [district] court." *Cerco Bridge Loans 6 LLC v. Schenker*, 23-CV-11093 (DEH), 2024 WL 4165128, at *2 (S.D.N.Y. 2024) (quoting *Fitch, Inc. v. UBS Painewebber Inc.*, 330 F.3d 104, 108 (2d Cir. 2003)). Accordingly, a district court may enforce a non-party subpoena where (1) the court has personal jurisdiction over the non-party and (2) the information sought in the subpoena is relevant and material to the case. *See Gonzalez v. Speedway LLC*, 23-CV-221 (MMG) (SLC) 2024 WL 1075328 at *1 (S.D.N.Y. 2024) (citing cases); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 14 (S.D.N.Y. 2021) (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir.

5

2014)). Here, the parties do not dispute whether this Court has personal jurisdiction over Mr. Gimpel, or whether his testimony is relevant, but solely whether the Settlement Agreement prohibits Defendant from eliciting that testimony.³ (*See* ECF Nos. 204, 206, 208). For the following reasons, I find that it does not, and therefore grant Defendant's motion to compel.

### A. The Subpoena Seeks Relevant Information That Is Presumptively Discoverable

Rule 45(a)(3) permits an attorney to issue and sign a subpoena. Fed. R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served." *In re Kingdom of Morocco*, M8-85 (KMW), 2009 WL 1059786, at n.4 (S.D.N.Y. 2009) (citing *Beruashvili v. Hobart Corp.*, 05-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. 2006)). A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s "overriding relevance requirement." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (citing *During v. City Univ. of N.Y.*, 05-CV-6992 (RCC), 2006 WL 2192843, at *2 (S.D.N.Y. 2006)). The party issuing the subpoena must demonstrate that the information sought is relevant to the parties' claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Gonzalez*, 2024 WL 1075328, at *1 (citing *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 22-CV-2893 (GRB) (JMW), 2023 WL 1967575, at *4 (E.D.N.Y. 2023)). *See*

---

³ Nevertheless, the Court does have personal jurisdiction over Mr. Gimpel, which is established by proper service of the target consistent with due process, and entailing delivery of the Subpoena in a manner reasonably designed to ensure the witness's actual receipt of the Subpoena. *See In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (collecting cases). Mr. Gimpel has been properly served, and so personal jurisdiction has been established. (*See* ECF 197 at 1).

*generally State Farm Mut. Auto. Ins. Co. v. Fayda*, 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. 2015), *aff'd*, 2016 WL 4530890 (S.D.N.Y. 2016).

The Subpoena seeks testimony that is relevant and proportional to the needs of this case. Defendant asserts that Mr. Gimpel possesses information relevant to both parties' claims for breach of contract and probative of the allegations supporting those claims. (*See supra* at §II.A). Plaintiff does not contest the relevance of Mr. Gimpel's testimony.[4] (ECF 204-1 at 9, Tr. at 27:10–12). (*See generally* ECF 206). Thus, I find that the information the Subpoena seeks is relevant under Rule 26.

### B. The Settlement Agreement Does Not Prohibit Mr. Gimpel From Testifying

Absent a claim of privilege, "a party usually does not have standing to object to a subpoena directed to a non-party witness." *Samad Bros. v. Bokara Rug Co. Inc.*, 9-CV-5843 (JFK) (KNF), 2010 WL 5094344, at *2 (S.D.N.Y. 2010) (quoting *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). "If the information sought is confidential but not privileged, [Rule] 26 does not limit disclosure of otherwise discoverable information." *Flores v. Stanford*, 18-CV-2468 (VB) (JCM), 2022 WL 354719, at *7 (S.D.N.Y. 2022) (quoting *Steinberg v. Mount Sinai Med. Ctr., Inc.*, 12-CV-51 (SLT) (VMS), 2014 WL 1311572, at *2 (E.D.N.Y. 2014). *See* Fed. R. Civ. P. 26. Confidentiality agreements and nondisclosure agreements cannot preclude otherwise permissible discovery in federal litigation. *Doe v. Benjamin Zaremski M.D., P.C.*, 21-CV-3187 (ER), 2022 WL 2966041, at *10 (S.D.N.Y. 2022) (citing cases); *Sparks v. Seltzer*, 5-CV-1061 (NG) (KAM), 2006 WL 2358157, at *4 (E.D.N.Y. 2006). *See also Chambers v. Capital*

---

[4] Indeed, Plaintiff's letter does not address Rules 26 or 30 at all, as the Court's December 20 Order directed. (ECF 206).

7

*Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995). "Instead, protective orders can be used to maintain confidentiality of information disclosed in discovery." *Zaremski*, 2022 WL 2966041, at *10. Courts "commonly" require parties to produce confidential information, the confidentiality of which "is protected not by denying access to [it], but by entering a protective order to cover them." *Id.* (quoting *United States v. Newman*, 531 F. Supp. 3d 181, 193 (D.D.C. 2021)) (internal quotation marks omitted). *See also Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) ("[C]onfidentiality agreements will not stand as a barrier to discovery between two parties in litigation") (collecting cases).

The Settlement Agreement does not prevent Mr. Gimpel from testifying in response to the Subpoena because its confidentiality and non-disparagement provisions cannot be used to preclude the relevant, non-privileged information sought here. Plaintiff argues that "disclosure places an undue burden on JoySuds as it will lose its contractually bargained for rights," and that confidentiality and non-disparagement were "a benefit of the bargain of the [Settlement] Agreement, between two sophisticated parties and for substantial consideration." (ECF 206 at 2–3). This is not a basis to prevent Mr. Gimpel from testifying altogether at his deposition. *See Flores*, 2022 WL 354719, at *7. Rather, the appropriate means of protecting Plaintiff's interests vis-à-vis the Settlement Agreement is to designate Mr. Gimpel's testimony as confidential and subject to the parties' protective order, as Defendant and Mr. Gimpel have proposed. (ECF Nos. 197 at 3, 204, 208).

C. <u>An Award of Fees and Costs Is Not Appropriate at This Time</u>

Fed. R. Civ. P. 37(a)(5) "applies to [an] award of expenses" made in connection with motions for orders compelling disclosure or discovery and in connection with depositions under

8

Fed. R. Civ. P. 37(a)(1) and (a)(3)(C). *See also* Fed. R. Civ. P. 30. Where a motion to compel is granted, Rule 37(a)(5)(A) provides that "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred making the motion, including attorney's fees." *Id.* "[I]t is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of . . . three exceptions applies." *Wager v. G4S Secure Integration, LLC*, 19-CV-3547 (MKV) (KNF), 2021 WL 293076, at *4 (S.D.N.Y. 2021) (citing *Creative Res. Grp. of N.J. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 103 (S.D.N.Y. 2002) ("The rule provides, in fact, that the losing party on a motion to compel must pay reasonable expenses, barring extenuating circumstances."). These exceptions are: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Plaintiff's counsel asserts that Defendant's counsel did not engage in good faith in the meet and confer process dictated by Rule 37(a)(5)(A) and by my Individual Practices. (*See generally* ECF Nos. 199, 204, 206). Plaintiff's counsel asserts—and Defendant's counsel does not contest—that, although she informed Defendant that she was available to meet and confer to resolve the dispute regarding Mr. Gimpel's testimony following his deposition, Defendant's counsel declined to re-engage with her before filing a letter with the Court. (ECF 199 at 1). Indeed, correspondence between counsel submitted to the Court reflects three written offers

9

by Plaintiff's counsel to meet and confer, and none from Defendant.[5] (ECF 199-2). Rather Defendant's counsel proposes only that "the sensible approach" is to "seek clarity from the Court so as not to further waste anyone's time." (ECF Nos. 197-3 at 2, 199-2 at 2). "Anyone" appears not to include this Court. Such correspondence raises questions of whether Defendant's counsel engaged in good faith in accordance with Rule 37 and my Individual Practices. (ECF Nos. 197-3 at 2, 199-2 at 2).

Counsel are expected to treat each other with courtesy and civility. Failure to do so may result in sanctions. Plaintiff's counsel's objections at the deposition were improper; nevertheless, Defendant has veered too near Rule 37's prohibitions on bad faith motion practice to make an award of expenses just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). Accordingly, Defendant's motion for sanctions is **DENIED without prejudice to renewal** following Mr. Gimpel's continued deposition.

IV.     CONCLUSION

Defendant's motion to compel is **GRANTED**. Mr. Gimpel is hereby **ORDERED** to comply with the Subpoena. The parties must promptly, in no event later than **Friday, June 6, 2025**, contact Mr. Gimpel to arrange a mutually convenient date for Mr. Gimpel to sit for his deposition, which shall occur **no later than June 30, 2025**. By **Friday, June 6, 2025**, Plaintiff shall serve a copy of this Order on Mr. Gimpel and file proof of service on the Docket.

---

[5] The Court notes that the version of correspondence between counsel that Defendant submitted to the Court excludes Plaintiff's counsel's third offer to meet and confer. (*Compare* ECF 197-3 *with* ECF 199-3). Defendant's counsel is reminded of their duty of candor to this tribunal. Model Rules of Prof'l Conduct r. 3.3 (Am. Bar Ass'n).

Defendant's motion for fees and costs is **DENIED** without prejudice to renewal after Mr. Gimpel's deposition.

The Clerk of Court is respectfully directed to close ECF Nos. 197, 199, and 204.

**SO ORDERED.**

Dated: June 2, 2025
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge